UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| HEATHER CHANDLER | ) | |
| | ) | |
| v. | ) | NO. 2:98-CV-363 |
| | ) | |
| SPECIALTY TIRES OF AMERICA | ) | |

**MEMORANDUM OPINION**

On October 14, 2005, this court granted the plaintiff's motion for partial summary judgment and renewed motion for summary judgment on her Tennessee Handicap Act [THA] claim. [Doc. 137]. On November 11, 2005, this Court ordered that the plaintiff's counsel, Bruce Shine and Don Mason, had until December 30, 2005, to file a motion for attorneys fees and costs. [Doc. 139]. The plaintiff's counsel did so on that date. [Doc. 140]. Responses, if necessary, were due on Friday, January 13, 2006. [Doc. 139]. Defendant's counsel filed its response on that date. [Doc. 144]. Plaintiff's counsel filed its response on January 20, 2006. [Doc. 147]. And, on January 23, 2006, plaintiff's counsel filed a motion to amend their request for attorneys fees. [Doc. 148]. That motion was granted on January 24, 2006. [Doc. 149].

Plaintiff's counsel requests attorneys fees of $126,504.00 for 527.10 hours of

work assessed at an hourly rate of $240.00. Counsel also requests the payment of costs totaling $1,419.90. The main concern for the court in an attorney fee dispute is "that the fee awarded be reasonable." *Blum v. Stenson*, 465 U.S. 886, 893 (1984). A reasonable fee has been defined as a fee that does not produce a windfall for attorneys but at the same time is adequate to attract counsel who will litigate competently. *Blum*, 465 U.S. at 897. The lodestar amount (the reasonable number of hours billed multiplied by a reasonable billing rate) can be adjusted based upon the so-called *Johnson* factors. In *Hensley v. Eckerhart*, 461 U.S. 424, 432 (1983), the United States Supreme Court adopted the Fifth Circuit's twelve-factor test for reasonableness as discussed in *Johnson v. Georgia*, 488 F.2d 714, 717-19 (5th Cir. 1974). The *Johnson* factors include:

> (1) the time and labor required;
> (2) the novelty and difficulty of the questions;
> (3) the skill requisite to perform the legal service properly;
> (4) the preclusion of employment by the attorney due to acceptance of the case;
> (5) the customary fee;
> (6) whether the fee is fixed or contingent;
> (7) time limitations imposed by the client or the circumstances;
> (8) the amount involved and the results obtained;
> (9) the experience, reputation, and ability of the attorneys;
> (10) the "undesirability" of the case;
> (11) the nature and length of the professional relationship with the client; and
> (12) awards in similar cases. 461 U.S. 424, 432 (fn.3).

The party seeking the attorney fees carries the burden of demonstrating an entitlement

2

to the award. *Reed v. Rhodes*, 179 F.3d 453, 472 (6th Cir. 1999).

This court will consider the *Johnson* factors that are relevant to this case. First, we consider the time and labor required by the case. This case was first filed in 1998 and has been before this court for a jury trial and on numerous occasions for various motions, including summary judgment. The case has also been before the U.S. Court of Appeals for the Sixth Circuit twice. There is no dispute that this case has been time- and labor-intensive. This court finds that Ms. Chandler's calculation of 527.10 hours of work is reasonable.

This Court next considers the novelty and difficulty of the questions raised by the case. The seminal issues in this case had not previously been decided by any court in the United States. As such, this Court finds the issues raised by Ms. Chandler were novel. In addition, this Court finds the issues raised in the case were difficult, especially considering their novelty.

We must also look at the customary fee and whether the fee is fixed or contingent. This case was taken by Ms. Chandler's attorneys on a contingency fee basis. Mr. Shine indicated he received a fee of $250.00 per hour in a 2005 case and was awarded a fee of $200.00 per hour in a 1999 case. Mr. Mason, beginning in 2001, charged $240.00 per hour in discrimination cases. Both attorneys have also received awards of $250.00 per hour in bankruptcies cases.

3

Considering the amount of time involved in the case, the voluminous record, numerous pleadings, and novelty of the issues involved, this court finds the loadstar amount in Mr. Chandler's case to be $126,504.00 (527.10 hours of work multiplied by an hourly rate of $240.00). Plaintiff's counsel also requests $1,419.90 in costs. These costs have not been challenged and will be granted.

Accordingly, Ms. Chandler's motion for attorneys fees and costs will be granted in the sum of $126,504.00 for attorneys fees and $1,419.90 in costs.

An appropriate order will follow.

ENTER:

                                          s/Thomas Gray Hull
                                          THOMAS GRAY HULL
                                             SENIOR U. S. DISTRICT JUDGE